By the Court.—Sedgwick, Ch. J.
The first objection to plaintiff’s recovery is that Vanuxem, Wharton & Co. were not the owners of the goods sold to the defendant. It is apparent that as factors of Taft & Hubbell, they had *393 a cause of action against the defendant, which in its nature was capable of transfer to plaintiff. As the firm had advanced and also guaranteed that purchasers from them would pay, it was no infringement of the principal’s right to turn the claim into money, as was done. Taft & Hubbell, being indebted for advances, could not have successfully brought an action against the defendant.
Another objection was, that plaintiff was not the owner of the claim, because, being a national bank, it had no right or authority to buy claims of this kind. By sub-division 1, of section 5136, U. S. R. S., it had “all such incidental power as shah be necessary to carry on the business of banking, by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt.” It had all the faculties necessary to the purchase of any kind of property. Its bank was in Pennsylvania. It had authority to buy this claim if the purchase was for any banking purpose ; for instance, to place money in New York, or elsewhere, where the defendant lived. Under such a defense as the present, the presumptions are that the bank used its power for a lawful purpose (Farmers’ Loan & Trust Co. v. Curtis, 1 N. Y. 466). The unauthorized purpose is not proved by merely showing that the former owner of the claim transferred it. That shows nothing as to the purpose of the plaintiff in buying, and does not overcome the presumption referred to. This objection should not be sustained.
The action, the pendency of which was set up as a defense, was not between the same parties or for the same cause. The present claim was merely incidental to the issues of that action.
Judgment affirmed, with costs.
Van Vorst and Freedman, JJ., concurred.